O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00647 AHM (SSx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | JOSEPH A. COLFORD v. DAVID MOSS, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

   On February 4, 2009, Defendant Countrywide Home Loans ("Countrywide") filed a motion to dismiss the three claims against it in Plaintiff's First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6); a motion to strike two prayers for relief in the FAC, pursuant to Federal Rule of Civil Procedure 12(f); and a request for judicial notice of two deeds of trust.

   Countrywide contends that the FAC's claims against it should be dismissed because, among other shortcomings, (1) the RESPA claim is time-barred, and is not subject to equitable tolling because Plaintiff has not pled with particularity active conduct by Countrywide to conceal wrongdoing; (2) the negligence claim does not establish that Countrywide owes a duty of care to Plaintiff because it does not allege that Countrywide in particular took any actions beyond the scope of the conventional role of a lender of money; and (3) the FAC does not plead the elements of negligent misrepresentation with adequate specificity because it lumps together all of the defendants and does not specify who said what, and when.

   Plaintiff, who is represented by an attorney, did not file an opposition to this motion to dismiss. On February 24, 2009, Countrywide filed a notice of non-opposition. Plaintiff has still not filed any response to the motion. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, on its face the motion to dismiss appears to be meritorious. Accordingly, the Court GRANTS the motion to dismiss and dismisses Plaintiff's claims against Countrywide without prejudice. If Plaintiff wishes to amend his claims against Countrywide he must file an amended pleading on or before March 16, 2009.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00647 AHM (SSx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | JOSEPH A. COLFORD v. DAVID MOSS, et al. | | |

Countrywide also moves to strike two of the FAC's prayers for relief: for attorney's fees according to contract, and for exemplary and punitive damages pursuant to California Civil Code Section 3294. This motion is also unopposed, but it is moot given the Court's ruling on the motion to dismiss. The Court therefore DENIES the motion to strike without prejudice.

Finally, Countrywide requests that the Court take judicial notice of two deeds of trust, one dated June 26, 2003, the other dated July 1, 2007. Contrary to Countrywide's statement in its Request, these deeds are *not* "referenced throughout the FAC (FAC, ¶¶ 14-17)." In fact the FAC makes no mention of loans with those dates in paragraphs 14-17, or anywhere else. The Court therefore DENIES the Request for Judicial Notice.

In sum, the Court **GRANTS** the motion to dismiss,[1] but gives Plaintiff leave to amend his claims against Countrywide by no later than March 16, 2009. The Court **DENIES** as moot the motion to strike,[2] but does so without prejudice. The Court **DENIES** the request for judicial notice.[3]

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                                                        :

Initials of Preparer     se

---

[1] Docket No. 5.

[2] Docket No. 6.

[3] Docket No. 7.