O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00647 AHM (SSx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | JOSEPH A. COLFORD v. DAVID MOSS, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On December 3, 2008, Plaintiff Joseph A. Colford, Jr. filed suit in California Superior Court against David Moss, Metrocities Mortgage, LLC ("Metrocities"), Countrywide Home Loans ("Countrywide"), and twenty-five Does. On January 28, 2009, Defendants Countrywide and Metrocities removed this case from state court. At that time, the operative pleading was the "First Amended Complaint" ("FAC") because Plaintiff had voluntarily amended his Complaint before Defendants responded. On February 26, 2009, this Court granted Countrywide's unopposed motion to dismiss all of the claims alleged against it in the FAC. On March 17, 2009, Plaintiff filed a Second Amended Complaint ("SAC") (though he mislabeled it a "First Amended Complaint"). *See* Docket No. 25. On March 31, 2009, Countrywide filed a motion to dismiss the SAC, and a motion to strike the SAC's prayer for attorney fees. Plaintiff, who is represented by an attorney, did not file an opposition to either motion. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12.[1] Moreover, on its face the motion to dismiss appears to be meritorious. Accordingly, the Court GRANTS the motion to dismiss and dismisses Plaintiff's claims against Countrywide.

/ / /

/ / /

---

[1] Countrywide states in its Notice of Motion that Plaintiff failed to respond to numerous attempts to conduct a meet and confer prior to the filing of the motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00647 AHM (SSx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | JOSEPH A. COLFORD v. DAVID MOSS, et al. | | |

In the FAC, Plaintiff alleged against Countrywide claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), negligence, and negligent misrepresentation. The SAC now re-alleges against all Defendants a claim under the RESPA, and alleges new claims against all Defendants for violations of the Fair Debt Collections Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), for quiet title, and for declaratory relief.

Plaintiff's re-pled claim under the RESPA is defective for the same reason it was defective in the FAC: it is time-barred. The new claim under the FDCPA appears to be defective because the SAC alleges that Countrywide is a mortgage servicer. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Plaintiff's new claim under the TILA, 15 U.S.C. § 1611, is defective because that provision imposes criminal, not civil, liability. Plaintiff's new claim for quiet title is too vague to make out a viable claim, and Plaintiff does not allege or claim that he is entitled to rescind any loans that entitle Countrywide to an interest in the property. Finally, the SAC's new claim for declaratory relief fails because for the above reasons Plaintiff has failed to plead an actual controversy, and this claim appears to be duplicative of the other claims in the SAC.

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00647 AHM (SSx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | JOSEPH A. COLFORD v. DAVID MOSS, et al. | | |

Although the SAC added four new claims against Defendant Countrywide, none of them appear to have merit. In addition, Plaintiff has amended his pleading twice, and has twice failed to file oppositions to Countrywide's motions to dismiss. The Court therefore GRANTS the motion to dismiss[2] and dismisses all claims against Countrywide with prejudice. The Court VACATES as moot Countrywide's motion to strike the prayer for attorney's fees.[3]

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                              :
                                        Initials of Preparer          SMO

---

[2] Docket No. 29. The Court notes that Defendant Metrocities has also filed a motion to dismiss the claims against it, which is calendared for a hearing on May 18, 2009. This Order applies only to the claims as brought against Countrywide.

[3] Docket No. 28.